IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: <u>2:21-cr-788</u> |
| v. | |
| **CHARLES WILLYS MINCEY, JR.** <br> **a/k/a "Charles Willis** <br> **Mincey"** <br> **a/k/a "Chuck Mincey"** | **<u>PLEA AGREEMENT</u>** |

### **<u>General Provisions</u>**

This PLEA AGREEMENT is made this <u>12th</u> day of <u>November</u>, 2021, between the United States of America, as represented by Acting United States Attorney M. RHETT DEHART, Assistant United States Attorney Allessandra Stewart; the Defendant, **CHARLES WILLYS MINCEY, JR., a/k/a "Charles Willis Mincey", a/k/a "Chuck Mincey"**, and Defendant's attorney, Bart Daniel.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to waive Indictment and arraignment, and plead guilty to an Information charging, Conspiracy, in violation of Title 18, U.S.C., § 371.

In order to sustain its burden of proof, the Government is required to prove the following:

Count 1

A.    An agreement between two or more persons to commit a
      crime against the United States

B.    An overt act by one of the conspirators in furtherance
      of the agreement

The penalty for this offense is:

A maximum term of five years of incarceration, a maximum fine of
$250,000, and 3 years supervised release.

2.    The Defendant understands and agrees that monetary penalties
      [i.e., special assessments, restitution, fines and other
      payments required under the sentence] imposed by the Court
      are due and payable immediately and subject to enforcement by
      the United States as civil judgments, pursuant to 18 U.S.C.
      § 3613. In the event the Court imposes a schedule for payment
      of restitution, the Defendant also understands that payments
      made in accordance with installment schedules set by the Court
      are minimum payments only and do not preclude the Government
      from seeking to enforce the judgment against other assets of
      the Defendant at any time, as provided in 18 U.S.C. §§ 3612,
      3613 and 3664(m).

      The Defendant further agrees to enter into the Bureau of
      Prisons Inmate Financial Repayment Program if sentenced to a

term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

A. Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

B. Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit

to interviews by the Government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

    C.   Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.   The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not

have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

4. Provided the Defendant complies with all of the terms of this Agreement, the United States agrees not to file any additional charges against the Defendant for crimes related to the conduct outlined in the Information.

## Cooperation and Forfeiture

5. Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Commission Guidelines §5K1.1, 18, U.S.C., § 3553(e) or Federal Rule of Criminal Procedure 35(b). Any such motion by the Government is not binding upon the Court, and should the Court deny the motion, the Defendant will have no right to withdraw his plea.

6. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture by, the United States of America of any and all assets and property, or portions thereof, owned or purchased by the Defendant which are subject to forfeiture pursuant to any provision of law and which are in the

possession or control of the Defendant or Defendant's nominees. The assets to be forfeited specifically include, but are not limited to, a money judgment in an amount to be determined by the Court, representing the amount of gross proceeds of the offense(s) of conviction.

Following the entry of this Plea Agreement, the Defendant agrees to the Court's prompt entry of a Preliminary Order of Forfeiture incorporating a money judgment as mandated by Federal Rule of Criminal Procedure 32.2, which shall in any event, be submitted for entry before sentencing. The Defendant acknowledges that he understands that the entry of a forfeiture money judgment is part of the sentence that will be imposed in this case, and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J) or otherwise, at any time his guilty plea is accepted.

The Defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the Defendant up to the value of the money judgment. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The Defendant agrees that forfeiture of substitute assets as

authorized herein shall not be deemed an alteration of the Defendant's sentence. The Defendant understands that he is jointly and severally liable for payment of the money judgment, along with any co-defendants against whom a money judgment is imposed.

The Defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the Defendant's sentencing. The Defendant agrees to take all steps necessary to assist the Government in obtaining clear title to any substitute assets before the Defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

### Merger and Other Provisions

7.    The Defendant, understands and agrees that by pleading guilty to an offense involving dishonesty or a breach of trust, or money-laundering, as set forth in 12 U.S.C. §§ 1785 and 1829, the Defendant is prohibited from controlling or

participating, directly or indirectly, in the conduct of affairs of any federally-insured bank or credit union, and is prohibited from serving as any director, officer, employee, agent, controlling stockholder, or other institution-affiliated party of any federally-insured bank or credit union without prior written consent pursuant to federal law.

8. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

9. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements

of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

11/12/21
Date

CHARLES WILLYS MINCEY, JR. DEFENDANT

11/17/21
DATE

BART DANIEL
ATTORNEY FOR THE DEFENDANT


M. RHETT DEHART
ACTING UNITED STATES ATTORNEY

11/12/21
Date

/s/Allessandra Stewart
ALLESSANDRA STEWART (#104755)
ASSISTANT UNITED STATES ATTORNEY