IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 2:21-cr-788 (MBS) |
| v. | |
| **CHARLES WILLYS MINCEY, JR.** | |
| a/k/a Charles Willis Mincey<br>a/k/a Chuck Mincey | |

## MOTION FOR DOWNWARD DEPARTURE

The Defendant Charles Willys Mincey, Jr., a/k/a Chuck Mincey ("Mincey"), is scheduled to be sentenced on May 11, 2022, at 1:00 p.m. As the Court is aware, Mincey pleaded guilty to a single count information, charging him with conspiracy to commit an offense against the United States, in violation of Title 18, United States Code, Section 371, on December 15, 2021. This guilty plea was made pursuant to a written plea agreement with the government, which included standard cooperation provisions. *See* ECF 4, 5-7. Prior to entering his guilty plea, Mincey cooperated fully with the Federal Housing Finance Agency (FHFA-OIG), Federal Bureau of Investigation (FBI), and other members of law enforcement, providing information regarding the entire housing fraud conspiracy charged, and identifying other individuals involved in criminal conduct who previously were unknown or unidentified by law enforcement. The plea agreement sets forth that if Mincey cooperates under the provisions of the plea agreement and that cooperation is deemed as providing substantial assistance in the investigation or prosecution of another person, the government will file a motion for downward departure pursuant to U.S.S.G. § 5K1.1.[1]

---

[1] U.S.S.G. Section 5K1.1 provides that, upon motion of the Government stating that a defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who committed an offense, the Court may depart from the Guidelines. The Section further provides that

-1-

The information Mincey provided assisted in the investigation and prosecution of others, rising to the level of substantial assistance. Therefore, for the following reasons, the government submits that Mincey is entitled to a reduction in his sentence, pursuant to U.S.S.G. § 5K1.1, in exchange for his substantial assistance in the investigation and prosecution of others who were committing criminal acts in South Carolina.

On February 26, 2020, Mincey was interviewed by FHFA-OIG Special Agents Michael Gross and Nelson Muniz, along with FBI Special Agents Joseph Hamski and Brian Womble, pursuant to a proffer agreement. During this proffer, Mincey gave detailed information regarding his and others' involvement in a conspiracy to defraud the United States and the Federal Home Loan Bank of Atlanta (FHLBA) through its Affordable Housing Program (AHP), outlining the involvement of at least four other co-conspirators (Henry Zerbst, Will Irvin, Edward (Butch) Clark, and Aaron Spann) in various kickback schemes, wherein each co-conspirator made misstatements on FHLBA grant funding certifications, failing to disclose conflicts of interest between the parties (i.e., the contractor - Mincey, the various intermediaries – Zerbst, Irvin, and Spann, and inspectors), and misrepresenting costs and fees associated with housing repairs, in order to unlawfully profit from these AHP grants.

Additionally, Mincey provided substantial cooperation to the FBI. The detailed information Mincey provided to the FBI initiated a public corruption case against a City of Charleston, Department of Housing and Human Development employee, Brian Herndon, who was

---

the appropriate reduction shall be determined by the Court for reasons that may include, but are not limited to, consideration of the following conduct: (1) the Court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered; (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant; (3) the nature and extent of the defendant's assistance; (4) any injury suffered, or any danger or risk of injury to the defendant of his family resulting from his assistance; (5) the timeliness of the defendant's assistance.

misusing his official position to funnel contracts for HUD-funded housing repairs to specific contractors, in exchange for kickback payments. Without the information provided by Mincey, the FBI likely would not have become aware of the criminal wrongdoing of this city employee. To further this investigation, Mincey met with the subject and made approximately 17 consensual recordings with this subject. This included both recorded meetings in-person and telephone recordings. In one or two instances, Mincey traveled across 3 states (approximately a 12 hour drive) in order to meet with Special Agents of the FBI and execute a recording meeting. Several of these meetings lasted for hours, in which Mincey wore or carried a concealed recording device. The evidence obtained during these recordings was significant and proved instrumental in charging the subject with a federal violation and obtaining his subsequent guilty plea. In addition, Mincey provided information regarding another contractor engaged in the illicit activity described above. Mincey's information led to an additional investigation into that target. Had it not been for that target's passing, it is likely that he also would have been charged criminally.

    FBI Special Agent Joseph Hamski also noted that Mincey took exceptional direction and expressed remorse for his involvement in criminal wrongdoing. Special Agent Hamski further expressed his belief that Mincey's cooperation and assistance to the FBI was a considerable "effort to right the wrong."

    The government submits that the above cooperation rises to the level of substantial assistance in the investigation and prosecution of two separate criminal conspiracies, as well as the eventual guilty pleas of Brain Herndon and Karl Zerbst, such that Mincey has earned a reduction of sentence pursuant to U.S.S.G. § 5K1.1.

-4-

Based upon a total offense level of 15 and a criminal history category of I, Mincey's guideline imprisonment range is 18 to 24 months.

After a careful review of Mincey's cooperation and the assistance it has yielded, the Government respectfully recommends the Court at sentencing grant a 4-level downward departure pursuant to §5K1.1, which would place Mincey in Zone B with a sentencing guideline range of 8 to 14 months.

The government respectfully requests that the Court grant this motion.

                                        Respectfully Submitted,

                                        COREY F. ELLIS
                                        UNITED STATES ATTORNEY

                                        By: *s/ Allessandra Stewart*
                                        Allessandra Stewart
                                        Assistant United States Attorney
                                        151 Meeting Street, Suite 200
                                        Charleston, South Carolina 29401
                                        843-266-1610
                                        Allessandra.Stewart@usdoj.gov

May 9, 2022